McKinney, J.,
delivered the opinion of the Court.
This bill was brought to enforce the redemption of a tract of land sold on the 19th of February, 1852, under a decree in Chancery.
*265 The complainant purchased said tract of land from the defendant on the 2d of September, 1844, on a credit. The complainant executed several notes for the purchase money, payable at different periods; and the defendant executed a bond, binding himself to make “a good and sufficient title,” to said land, when the last payment of the purchase money should be made. The purchase money not being paid when due, Plar-ris filed a bill to subject the equitable estate of Free-land, in said tract of land, to sale for the satisfaction of the balance of unpaid purchase money. A decree to this effect was rendered: the land was sold by the Clerk and Master; and Harris became the purchaser at said sale. This sale was confirmed by a decree of the Court, and process was awarded to put Harris into possession of the land. When the Sheriff was about to turn Freeland out, he agreed, in order to retain the possession, to pay Harris — who was present — a certain rent, in corn, for the land, for the year 1852, and to this Plarris assented. On the 29th December, 1852, Freeland tendered to Plarris, in specie, the amount of his purchase money, with interest thereon, and offered to redeem said land. Plarris refused to suffer a redemption; and thereupon this bill was filed, and the money deposited in Court.
The Chancellor decreed that the complainant was entitled to redeem; but that the defendant was not chargeable with the rent received for the year 1852. Both parties allege that the decree is erroneous. The defendant insists that the case is not within any of the statutory provisions giving the right of redemption: and the complainant insists that he ought to have been *266 allowed the rent paid to the defendant for the year 1852. In decreeing a redemption, we think the Chancellor was correct. It is true, the act of 1820, ch. 11, sec. 2, extends, in its terms, only to legal estates sold under execution at law. But the act of 1882, ch. 36, sec. 1, applies to every sale of real estate, under any decree, judgment, or order, of any court of Chancery in the State; no matter whether the. estate sold he of a legal or equitable nature. The owner of an equitable interest, is as much within both the letter and spirit of the law, as the owner of a legal interest in land. This proposition is too clear to fequire any discussion. The right of redemption has always been regarded as entitled to favor: and in this view it was held, in Henderson vs. Lowrey, 5 Yerg., 240, that a debtor whose land had been sold under a decree in Chancery, was entitled to redeem upon the equity of the act of 1820.
But in refusing to require the defendant to account for the rent for the year 1852, we think the Chancellor erred. It does not vary the principle, that the complainant, under the coercion of process in the hands of the Sheriff, agreed to pay rent; nor is the objection to the complainant’s right to recover rent, placed upon, that ground, in the argument here. It is insisted that the act of 1850, ch. 121, does not apply to such a case. That act provides — “That in all the sales of land or- real estate hereafter to be made, under execution or deed of trust, — which by existing law is subject to redemption, — if the debtor is permitted, by the purchaser, or his assignee, to remain in possession, tthe debtor shall not be liable for rent from *267 the date of the sale to the time of redemption: and if the purchaser, or his assignee, shall take possession, upon the redemption, by the debtor, he shall be entitled to a credit for the fair rent of the premises during the time they were in the possession of the purchaser.”
This statute, construed according to the strict letter, would apply only to sales of land under execution, and to sales in pais, under deeds of trust; and not to any sale under, or by virtue of a decree in Chancery. This construction would lead to injustice and gross absurdity. The law was passed for the benefit of the debtor, to relieve him from the oppressive injustice of paying interest upon the purchase money, from the time of the sale to the time of redemption, and likewise from the loss of the rents and profits during the same period. The reason .of the law applies equally to all sales, no matter how made, whether by execution, decree in Chancery, or by an act in pais. The manner of the sale is wholly unimportant; the thing contemplated by the legislature was to secure the debtor the value of the rents and profits, which might be received by the purchaser, in the interval between sale and time of redemption. This is the obvious intention of the law. And it is an established rule in the exposition of statutes, that the reason and intention of. the lawgiver 'will always prevail over and control the literal sense of the terms of the law, when the latter would lead to injustice, contradiction and absurdity. 1 Kent’s Com. 510. We hold, therefore, that sales under any order or decree in Chancery, are within the spirit and *268 meaning of the act of 1850, above cited. In holding otherwise the Chancellor erred, and the decree will be reformed accordingly.